UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN R. BELITZ,

     Petitioner,

 v.

STATE OF WASHINGTON,

     Respondent.

CASE NO. C15-5432 BHS

ORDER ADOPTING IN PART AND DECLINING IN PART REPORT AND RECOMMENDATION AND DISMISSING PETITION

  This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge (Dkt. 6), and Petitioner Steven Belitz's ("Belitz") objections to the R&R (Dkt. 7).

  On July 20, 2015, Belitz filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Dkt. 4. On July 23, 2015, Judge Christel issued the R&R, concluding that Belitz's petition is second or successive. Dkt. 6. Judge Christel recommended referring Belitz's petition to the Ninth Circuit and administratively closing the file without deciding whether the petition should be dismissed. *Id.* at 3. On August 11, 2015, Belitz filed objections. Dkt. 7.

ORDER - 1

1    Federal Rule of Civil Procedure 72(b) governs objections to a magistrate judge's

2 recommended disposition. Rule 72(b) provides as follows:

3 > The district judge must determine de novo any part of the magistrate
>    judge's disposition that has been properly objected to. The district judge
4 >    may accept, reject, or modify the recommended disposition; receive further
>    evidence; or return the matter to the magistrate judge with instructions.
5
Fed. R. Civ. P. 72(b)(3).
6
     Belitz objects to Judge Christel's determination that his habeas petition is second
7
or successive. Dkt. 7. The Antiterrorism and Effective Death Penalty Act of 1996
8
("AEDPA") generally prohibits second or successive habeas petitions. 28 U.S.C.
9
§ 2244(b); *Tyler v. Cain*, 533 U.S. 656, 661 (2001). If an earlier federal habeas petition
10
is dismissed "on the merits," any subsequent petition challenging the same judgment of
11
conviction or sentence constitutes a second or successive petition. *Magwood v.*
12
*Patterson*, 561 U.S. 320, 333 (2010); *Henderson v. Lampert*, 396 F.3d 1049, 1052–53
13
(9th Cir. 2005). "A disposition is 'on the merits' if the district court either considers and
14
rejects the claims or determines that the underlying claim will not be considered by a
15
federal court." *McNabb v. Yates*, 576 F.3d 108, 1029 (9th Cir. 2009). A district court
16
does not have jurisdiction to consider a second or successive petition absent authorization
17
from the Ninth Circuit. *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001).
18
     The Court agrees with Judge Christel's conclusion that Belitz's petition is second
19
or successive. Belitz previously filed a habeas petition challenging his 2006 state court
20
conviction, which was denied "on the merits." *See Belitz v. State of Washington*, U.S.
21
District Court, Western District of Washington Case No. 3:10-cv-5130-RBL-JRC. The
22

instant petition challenges the same state court judgment that Belitz challenged in his first petition. *See* Dkt. 4. The instant petition is therefore a second or successive petition within the meaning of AEDPA.

Belitz argues that his petition should be permitted because he presents a new claim of mental incompetency and the factual predicate for this claim could not have been discovered at the time he filed his first habeas petition. Dkt. 7 at 6. AEDPA does not bar a second or successive petition that presents a new claim if (1) the factual predicate for the claim could not have been previously discovered through due diligence, and (2) the facts underlying the claim would establish by clear and convincing evidence that, but for the constitutional error, no reasonable fact finder would have found the petitioner guilty. 28 U.S.C. § 2244(b)(2)(B). The Ninth Circuit, however, decides whether a petitioner has satisfied these requirements, not this Court. *See* 28 U.S.C.§ 2244(b)(3); *Burton v. Stewart*, 549 U.S. 147, 153 (2007); *Gage v. Chappell*, 793 F.3d 1159, 1164 (9th Cir. 2015). Thus, whether the factual predicate for Belitz's new claim could not have been discovered previously through the exercise of due diligence is an issue for the Ninth Circuit to consider when deciding whether to authorize Belitz to file a second or successive petition. *See Burton*, 549 U.S. at 153; *Gage*, 793 F.3d at 1164, 1166. In the absence of authorization from the Ninth Circuit, this Court lacks jurisdiction to consider Belitz's petition. *Cooper*, 274 F.3d at 1274.

Finally, the Court disagrees with Judge Christel's recommendation that the file be administratively closed without deciding whether Belitz's petition should be dismissed. Before filing a second or successive petition in district court, a petitioner must obtain

1 authorization from the appropriate court of appeals.  28 U.S.C. § 2244(b)(3)(A); *Felker v.*
2 *Turpin*, 518 U.S. 651, 657 (1996).  In the absence of an order from the Ninth Circuit, this
3 Court lacks jurisdiction to consider a second or successive petition and must dismiss it.
4 *Magwood v. Paterson*, 561 U.S. 320, 331 (2010); *Burton v. Stewart*, 549 U.S. 147, 157
5 (2007).  Here, Belitz has not demonstrated that the Ninth Circuit authorized this Court to
6 consider his second or successive petition.  Accordingly, the Court must dismiss Belitz's
7 petition.  *Cooper*, 274 F.3d at 1274.

8 Therefore, the Court having considered the R&R, Belitz's objections, and the
9 remaining record, does hereby find and order as follows:

10 (1) The R&R is **ADOPTED in part and DECLINED in part**;

11 (2) Belitz's petition is **DISMISSED**;

12 (3) A certificate of appealability is **DENIED**; and

13 (4) The Clerk shall close this case.

14 Dated this 29th day of September, 2015.

BENJAMIN H. SETTLE
United States District Judge